UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADAMA BAH,  )<br><br>Plaintiff,  )<br><br>-against-  )<br><br>CITY OF NEW YORK; JOHN and JANE )<br>DOE 1-10,  )<br><br>Defendants.  ) | **COMPLAINT**<br><br>Jury Trial Demanded<br><br>20 CV 263 |

## NATURE OF THE ACTION

1.      This is a civil rights action seeking money damages and declaratory and injunctive relief.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and 2000cc, the First and Fourteenth Amendments to the Constitution of the United States and the laws of the State of New York.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.     This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.     Plaintiff demands a trial by jury in this action.

## NOTICE OF CLAIM

7.     Within ninety days after the claim alleged in this complaint arose, plaintiff filed a notice of claim that was duly served upon the City of New York.

8.     A hearing pursuant to GML § 50-h was held on January 9, 2020.

9.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

10.    This action has been commenced within one year and ninety days after the events upon which the claim is based.

## PARTIES

11.    Plaintiff Adama Bah is a practicing Muslim woman who wears a hijab. At the time of the events described herein she was also an auxiliary NYPD officer.

12.    Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD and DOC, agencies of defendant City of New York responsible for the unconstitutional policies described

and referenced herein, and for the appointment, training, supervision, promotion and discipline of police officers and correction officers, including John and Jane Doe 1-10.

13.     At all times relevant defendants John and Jane Doe 1 through 10 were police or correction officers or supervisors employed by the NYPD or DOC. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

14.     At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD or DOC. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

15.     At all times relevant herein, all individual defendants were acting under color of state law.

## THE POLICY

16.     The NYPD has established a policy – to which plaintiff was subjected – requiring arrestees with sincerely-held religious beliefs to remove their head coverings and be photographed without them. *See Clark, et ano. v. City of New York*, 18 CV 2334 (AT) (KHP), DE #1, ¶¶ 15-50.

17.     This policy is unconstitutional. U.S. Const. amend. I; Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc ("RLUIPA"); *Khatib v.*

*County of Orange*, 639 F.3d 898, 907 (9th Cir. 2011) ("A Muslim woman who must appear before strange men she doesn't know, with her hair and neck uncovered in a violation of her religious beliefs, may feel shame and distress. This is precisely the kind of 'mischief' RLUIPA was intended to remedy.").

## PLAINTIFF IS SUBJECTED TO THE POLICY

18.   On the morning August 6, 2019, plaintiff was driving on Second Avenue in Manhattan when she was pulled over by an NYPD officer.

19.   Plaintiff was alone and wearing her hijab.

20.   The officer ordered Ms. Bah out of her vehicle, handcuffed and arrested her.

21.   The officer charged Ms. Bah with intentional forgery based on the license plates that had been put on her vehicle by the dealership, despite that plaintiff was clearly a good faith purchaser lacking intent to defraud.

22.   For the next approximately fourteen hours, Ms. Bah was almost continuously handcuffed.

23.   After another officer arrived, Ms. Bah was put in a police vehicle and taken to the 23rd Precinct.

24.   At the precinct, Ms. Bah was made to wait for a female officer and then taken to a room and searched.

25.    An unidentified female officer reached under plaintiff's hijab and took off her necklace; plaintiff was made to rip a string from one of her favorite dresses lest it be cut off.

26.    Ms. Bah was then presented before a camera and instructed to remove her hijab.

27.    The very notion of removing her headscarf was and is exceedingly upsetting to Ms. Bah and she, visibly shaken, protested immediately and vociferously.

28.    Following a very unpleasant and traumatic exchange, Ms. Bah was photographed with her hijab on.

29.    Ms. Bah was then taken to Manhattan Central Booking, where she endured another deeply unsettling and traumatic experience in which he was again told to remove her head covering and attempted to explain its religious significance and the injury to her dignity that would result from its removal.

30.    Officers at Central Booking ultimately photographed plaintiff wearing her hijab.

31.    Ms. Bah was then taken to One Police Plaza.

32.    At One Police Plaza, Ms. Bah was further traumatized when an unidentified female officer demanded that she remove her head covering.

33.     As Ms. Bah sobbed, she was told that she had no choice and that the officer would remove the garment by force if Ms. Bah did not permit herself to be photographed without it, something that plaintiff would not even do in the presence of close family.

34.     Ms. Bah knew that any photograph would be stored on NYPD computers and easily accessible.

35.     Shaken to her core, Ms. Bah reluctantly pulled her hijab back to expose her ears, pleading with the officer that this would be enough to identify her.

36.     A photograph was taken.

37.     The photograph taken of Ms. Bah at One Police Plaza is presently on file and accessible to the NYPD.

38.     Ms. Bah was then taken to Manhattan Central Booking.

39.     There, an unidentified female officer told Ms. Bah that she would be forced to remain overnight, apart from her children, unless she agreed to be photographed without a hijab. If she remained overnight, Ms. Bah feared that she would miss a ceremony at her daughter's school the next day.

40.     Humiliated and in severe emotional distress, Ms. Bah relented and removed her headscarf.

41.     A photograph was taken.

42.    The photograph taken of Ms. Bah at Central Booking is presently on file and accessible to the NYPD.

## FIRST CLAIM
The Religious Land Use and Institutionalized Persons Act
(42 U.S.C. § 2000cc)

43.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44.    The RLUIPA provides, in relevant part, the following: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that the imposition of the burden on that person- (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc- l(a)(l)-(2).

45.    Plaintiff is a "person" as defined under the RLUIPA. See 42 U.S.C. § 2000cc-l(a) and 42 U.S.C. § 1997(3).

46.    Plaintiff's decision to wear a hijab constitutes a sincerely-held religious belief.

47.    At all relevant times, defendant City of New York met the definition of the term "government" under the RLUIPA. *See* 42 U.S.C. § 2000cc-5(4)(A)(i)-(iii)

48.    At all relevant times, the locations where the NYPD takes Booking Photographs, including, but not limited to, One Police Plaza in Manhattan and 100 Centre Street in Manhattan, where the events alleged in the complaint transpired, are federally-funded "institutions" as defined under the RLUIPA and the Civil Rights of Institutionalized Persons Act of 1980 ("CRIPA"), 42 U.S.C. § 1997(l)(B)(ii)-(iii).

49.    At all relevant times, plaintiff was "residing in or confined to institutions" as defined under the RLUIPA when the events alleged above transpired.

50.    Defendants' acts or omissions, policies, and customs substantially burdened plaintiff's religious exercise by requiring her to remove her hijab to be photographed while she was residing in or confined to One Police Plaza in Manhattan and 100 Centre Street in Manhattan.

51.    Defendants' acts or omissions, and the City of New York's policies and customs, do not further a compelling government interest.

52.    Defendants' acts or omissions, policies, and customs are not the least-restrictive means of furthering a compelling government interest.

53.    As a direct and proximate result of defendants' wrongful acts and omissions, plaintiff has sustained damages, and has suffered and continues to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

## SECOND CLAIM
Free Exercise Clause
(42 U.S.C. § 1983)

54.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55.     42 U.S.C. § 1983 prohibits any person acting under color of state law, custom, or usage to deprive a citizen of rights secured by the Constitution.

56.     At all relevant times, defendants acted under color of state law.

57.     Under the First Amendment to the Constitution of the United States of America, plaintiff has the right to freely exercise her religion.

58.     By forcing plaintiff to remove her hijab for the Booking Photographs, defendants deprived plaintiff of her right to freely exercise her religion in contravention of the Free Exercise Clause.

59.     As a direct and proximate result of defendants' unlawful discriminatory conduct, plaintiff has sustained damages, and plaintiff has suffered and continue to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

## THIRD CLAIM
New York State Constitution, Article I, Section 3

60.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

61.     Article I, Section 3 of the Constitution of the State of New York provides that: "The free exercise and enjoyment of religious profession and worship, without discrimination or preference, shall forever be allowed in this state to all humankind." McKinney's Const. Art. 1, § 3.

62.     Defendant City of New York's policy requiring that arrestees who wear religious head coverings remove those head coverings to be photographed violates Article I, Section 3 by disallowing the free exercise of religion.

63.     As a direct and proximate result of defendants' unlawful conduct, plaintiff has sustained damages, and plaintiff has suffered and continue to suffer mental anguish, physical and emotional distress, humiliation, and embarrassment.

## FOURTH CLAIM
Declaratory Judgment
(Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-02)

64.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

65.     Defendants' conduct was intentional and made with reckless indifference to plaintiff's religious rights.

66.     Plaintiff's rights to the free exercise of religion were infringed upon and substantially burdened by defendants' conduct.

67.     Defendant' City of New York's policy and custom of forcing the removal of religious head coverings for post-arrest photographs, including the hijab worn by Ms. Bah, is an unlawful and unconstitutional practice that infringes upon the rights of plaintiff and other Muslim women and religious adherents to freely exercise their religion without the interference of substantially burdensome government conduct.

68.     Defendant City of New York's policy, practice, and custom caused and continue to cause plaintiff harm, including the fear of future arrest.

69.     Plaintiff is entitled to a declaratory judgment that defendants infringed upon and substantially burdened plaintiff's religious free exercise in violation of federal and state law and the United States Constitution.

70.     Plaintiff has a strong likelihood of succeeding on the merits of their claims.

**WHEREFORE**, plaintiff Adama Bah respectfully requests judgment against defendants as follows:

a)  Declaring that defendant City of New York's discriminatory practices violate the RLUIPA, 42 U.S.C. § 2000cc, *et seq.*; the Free Exercise Clause of the First Amendment to the United States Constitution; and Article 1, Section 3 of the New York State Constitution;

b)  Enjoining defendant City of New York, its agents, employees, and successors and all other persons in active concert or participation with the municipality from requiring the removal of any religious head or hair coverings for the purpose of post-arrest photographs;

c) Requiring defendant City of New York to adopt nondiscriminatory policies and practices to prevent encroachment on the religious rights of arrestees and detainees in the future;

d) Awarding such damages to plaintiff as will fully compensate her for her loss of rights and emotional distress suffered due to defendants' unlawful conduct;

e) Awarding punitive damages to plaintiff;

f) Awarding plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

g) Granting plaintiff such other further relief as may be just and proper.

Dated:     January 10, 2020
           New York, New York

ELEFTERAKIS, ELEFTERAKIS & PANEK

_____
Gabriel P. Harvis
80 Pine Street, 38th Floor
New York, New York 10005
(212) 532-1116
gharvis@eeplaw.com

*Attorneys for plaintiff*