

JAMES E. JOHNSON
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  03/18/20
```

March 17, 2020

**BY ECF**
The Honorable Katharine H. Parker
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: Bah v. The City of New York, et al.,
        20-CV-263 (AT)(KHP)

Your Honor:

  I am an attorney in the office of James E. Johnson, Corporation Counsel of the City of New York, representing the defendant City of New York in the above-referenced matter. In light of the recent developments surrounding the COVID-19 pandemic, the parties write jointly to respectfully request: 1) an extension of thirty (30) days of all existing deadlines in this matter; and 2) a corresponding adjournment of the conference currently scheduled in this matter for March 23, 2020 at 10:30 a.m. Currently, the City's response to the Complaint is due on or before March 30, 2020. The parties were to exchange initial disclosures and submit a proposed case management plan on or before March 16, 2020, and an initial conference is currently scheduled to take place, by telephone, on March 23, 2020 at 10:30 a.m

  By way of background, plaintiff Adama Bah filed the instant action on January 10, 2020, and defendant City was served on or about January 14, 2020. Plaintiff alleges that following her August 6, 2019 arrest, she was forced to remove her hijab in one of the three photographs that were taken of her at various points during her arrest processing. Plaintiff's Complaint primarily alleges that the NYPD's policies and practices for photographing individuals with religious head coverings: (1) violates the Religious Land Use and Institutionalized Persons Act (42 U.S.C. § 2000cc), (2) abridges her right to Free Exercise under the First Amendment of the United States Constitution (42 U.S.C. § 1983), (3) abridges her right to Free Exercise under Article I, Section 3 of the New York State Constitution, and (4) entitles her to declaratory judgment under Fed. R. Civ. P. 57 and 28 U.S.C. §§ 2201-02 on the basis that the policy "infringed upon and substantially burdened plaintiff's religious free exercise in violation of federal and state law and the United States Constitution." (See Complaint at ¶ 69). This case has been accepted "as related" to the case Clark, et al. v. City of New York, 18 Civ. 2334 (AT)(KHP).

  .

As the Court is aware, the country is currently grappling with the COVID-19 pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation.  On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.  In light of pronouncements from government and judicial officials, associated policies, expert recommendations, and the further spread of COVID-19, the New York City Law Department, along with the majority of employers in New York City and State, has advised that individuals should work from home as much as is practicable to ensure compliance with public policy directives, and to protect individuals from further community spread of the virus.

An extension of thirty (30) days is requested in this matter because, in an effort to investigate the allegations in the Complaint, defendant is in the midst of obtaining relevant documents related to this case.  Many of the documents are not accessible while Law Department attorneys and staff are working from home.  Nor is defendant able to comply with FRCP 26 or meaningfully participate in an initial conference without being able to review and produce certain information to plaintiff.  Moreover, the parties hope to have a meaningful settlement discussion prior to the initial conference in this matter, and this is simply not possible to do at this time.

For the foregoing reasons, it is respectfully requested that the Court grant the within request:  1) extending all existing deadlines in this matter for 30 days, including defendant's time to answer or otherwise respond to the Complaint, and 2) adjourning the initial conference currently scheduled for March 23, 2020 at 10:30 a.m..  Thank you for your consideration of this request.

Very truly yours,

/s

Carolyn K. Depoian
Senior Counsel

cc:   *By ECF*
      Gabriel Harvis, Esq.
      Elefterakis, Elefterakis & Panek
      *Attorney for Plaintiff*

The conference in this matter currently scheduled March 23, 2020 is hereby adjourned to a telephonic conference on **April 23, 2020 at 11:30 a.m.** The parties should dial 866-434-5269 using access code 4858267 for the conference

SO ORDERED:

03/18/20

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE