

**JAMES E. JOHNSON**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BILAL HAIDER**
*Senior Counsel*
Phone: (212) 356-3549
Fax: (212) 356-3509
bhaider@law.nyc.gov

April 28, 2021

**BY ECF**
Honorable Analisa Torres
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    <u>Bah v. The City of New York, et al.</u>,
             20-CV-263 (AT)(KHP)

Your Honor:

      I am a Senior Counsel in the Office of James E. Johnson, Corporation Counsel of the City of New York, and the attorney for defendants City of New York, Police Officer Neva Becerril, Sergeant Marilyn Aguirre, and Lieutenant Charmaine Pilgrim ("Defendants") in the above-referenced matter. In accordance with Rule III(A) of Your Honor's Individual Rules and Practices in Civil Cases, defendants Becerril, Aguirre, and Charmaine respectfully file this pre-motion letter in anticipation of their motion to dismiss plaintiff's Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6).

### I.    Background

      By way of background, plaintiff alleges that, on August 6, 2019, she was arrested and transported to the 23rd Precinct of the New York City Police Department ("NYPD"). (ECF No. 33 at ¶¶ 20-25.) At the precinct, Officer Becerril, a female officer, "began to remove plaintiff's hijab in an open area of the precinct" and later searched plaintiff by "reaching under plaintiff's hijab to remove plaintiff's wireless headphones." (<u>Id.</u> at ¶¶ 26-28.) Then, according to plaintiff, she was transported to One Police Plaza, where Sergeant Aguirre, who is also female, "told [plaintiff] that she must remove her hijab or Aguirre would remove it by force." (<u>Id.</u> at ¶¶ 34-35.) Plaintiff claims that she ultimately pulled her hijab back to reveal her ears and that a photograph was taken of her. (<u>Id.</u> at 37-38.) Finally, plaintiff alleges that she was transported to Manhattan Central Booking, where Lieutenant Pilgrim required her to remove her hijab and a photograph was taken of her. (<u>Id.</u> at ¶¶ 44-46.) Plaintiff claims that, by taking the above actions, defendants Becerril, Aguirre, and Pilgrim violated her rights under the (1) Religious Land Use and Institutionalized Persons Act ("RLUIPA"), (2) Free Exercise Clause of

the First Amendment of the United States Constitution, and (3) Free Exercise Clause contained in Article I, Section 3 of the New York State Constitution. (Id. at ¶¶ 48-68.)

In accordance with Rule III(B) of Your Honor's Individual Rules and Practices in Civil Cases, the parties have exchanged pre-motion letters and e-mails regarding the deficiencies in plaintiff's pleadings and defendants now intend to file a motion to dismiss.

## II. Defendants Becerril, Aguirre, and Pilgram are entitled to qualified immunity on Plaintiff's RLUIPA and the First Amendment claims

"Public officials are immune from suit under 42 U. S. C. §1983 unless they have 'violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.'" City & County of San Francisco v. Sheehan, 575 U.S. 600 (2015), quoting Plumhoff v. Rickard, 572 U.S. 765, 778 (2014). "Clearly established means that, at the time of the officer's conduct, the law was sufficiently clear that every reasonable official would understand that what he is doing is unlawful." District of Columbia v. Wesby, 138 S. Ct. 577, 589 (2018) (internal citations omitted). To be clearly established, a legal principle must be "dictated by controlling authority or a robust consensus of cases. It is not enough that the rule is suggested by then-existing precedent." Id. at 589-590 (internal citations and quotations omitted.) The rule's contours must be so well defined that it is "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Saucier v Katz, 533 U.S. 194, 202 (2001). This requires a high degree of specificity. See Mullenix v. Luna, 136 S. Ct. 305, 308 (2015).

There is no precedent clearly establishing that the various actions taken by Officer Becerril, Sergeant Aguirre, and Lieutenant Pilgram were unconstitutional. To Defendants' knowledge, neither the United States Supreme Court nor the Second Circuit has decided whether an officer violates the Free Exercise Clause by removing an arrestee's religious headdress in the presence of men. See J.H. v. Bratton, 248 F. Supp. 3d 401, 413 (E.D.N.Y. 2017) (granting the defendant officers qualified immunity on the grounds that the court was not aware of any controlling precedent establishing that an officer violates a Muslim woman's Free Exercise rights by removing her hijab in the presence of male officers and detainees in order to take a booking photograph); see also Soliman v. City of New York, No. 15-CV-5310 (PKC) (RER), 2017 U.S. Dist. LEXIS 50599, at *17, n 7 (E.D.N.Y. Mar. 31, 2017) (same). In fact, the controlling authority that does exist suggests that it *is* constitutional to remove one's religious headdress to take identification photographs. Zargary v. City of New York, 607 F. Supp. 2d 609, 610 (S.D.N.Y. 2009), affrm'd Zargary v. City of New York, 412 Fed. Appx. 339, 341-342 (2d Cir. 2011). For instance, in Zargary, the Second Circuit upheld the constitutionality of a New York City Jail's photograph policy, which required the plaintiff—an Orthodox Jewish woman—to remove her religious head scarf in front of a male correction officer. Id.

Because the weight of authority suggests that it *is* constitutional to remove religious headdresses to take booking photographs, Officer Becerril, Sergeant Aguirre, and Lieutenant Pilgram are entitled to qualified immunity. Lietenant Pilgrim's alleged action—requiring Plaintiff to remove her hijab in Central Booking for an arrest photograph—is directly analogous to the action deemed constitutional in Zargary. Because Officer Becerril and Sergeant Aguirre both allegedly took actions that were even less invasive, neither officer could have violated a clearly established right.

### III. Defendants Becerril, Aguirre, and Pilgram are entitled to qualified immunity under New York common law

"The doctrine of qualified immunity applies to 'federal causes of action but is not generally understood to protect officials from claims based on state law.'" Mangino v. Inc. Vill. of Patchogue, 814 F. Supp. 2d 242, 250 n. 5 (E.D.N.Y. 2011) (quoting Jenkins v. City of New York, 478 F.3d 76, 86 (2d Cir. 2007)). However, New York common law "fills this gap" (Alhovsky v. Ryan, 658 F. Supp. 2d 526, 535 (SDNY 2009)), by "grant[ing] government officials qualified immunity on state-law claims except where the officials' actions are undertaken in bad faith or without reasonable basis." Mangino, 814 F. Supp. 2d at, 250 n.5 (quoting Papineau v. Parmley, 465 F.3d 46, 63 (2d Cir. 2006)).[1]

Here, defendants Becerril, Aguirre, and Pilgram are entitled to qualified immunity under New York State common law for the same reasons they are entitled to qualified immunity under federal common law. Plaintiff sets forth no allegations suggesting that any defendant acted in bad faith, rather than to fulfil their job duties. Additionally, defendants Becerril, Aguirre, and Pilgram had a reasonable basis to believe their actions were constitutional because, as explained above, the legal authority that existed on August 6, 2019 suggested that an officer could constitutionally remove religious headdresses to take booking photographs.

### IV. Conclusion

Accordingly, Officer Becerril, Sergeant Aguirre, and Lieutenant Pilgrim request the following briefing schedule, which was agreed upon by all parties, for their anticipated motion to dismiss the SAC pursuant to FRCP 12(b)(6):

| | |
|---|---|
| **Defendants' Motion:** | **June 1, 2021** |
| **Plaintiff's Opposition:** | **July 15, 2021** |
| **Defendants' Reply:** | **July 30, 2021** |

Thank you for your consideration herein.

Respectfully submitted,

*Bilal Haider* /s

Bilal Haider
Senior Counsel
Special Federal Litigation Division
100 Church Street, Room 3-235
New York, New York 10007
(212) 356-3549
bhaider@law.nyc.gov

CC: **By ECF**
Gabriel Harvis, Esq. *(Attorney for Plaintiff)*

---

[1] See, e.g., Alhovsky v. Ryan, 658 F. Supp. 2d 526, 535-36 (S.D.N.Y. 2009) ("Plaintiff asserts that there is no qualified immunity doctrine under state law, so the common law false arrest claim cannot be dismissed on that basis. Plaintiff is incorrect, although his mistake is a common one.").