UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ADAMA BAH,

                Plaintiff,

-against-

CITY OF NEW YORK; Police Officer NEVA BECERRIL; Sergeant MARILYN AGUIRRE; Lieutenant CHARMAINE PILGRIM; JOHN and JANE DOE 4-10,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/2022

20 Civ. 263 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Adma Bah, brings this action against Defendants the City of New York, Police Officer Neva Becerril, Sergeant Marilyn Aguirre, and Lieutenant Charmaine Pilgrim, alleging that Defendants violated her rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*; the Free Exercise Clause of the U.S. Constitution ("U.S. Free Exercise Clause"), U.S. Const. amend. I;[1] and the Free Exercise Clause of the New York State Constitution ("N.Y. Free Exercise Clause"), N.Y. Const. art. 1, § 3. *See* Sec. Amend. Compl., ECF No. 33. Defendants seek dismissal of Plaintiff's claims against Becerril,[2] Aguirre, and Pilgrim (collectively, the "Individual Defendants") under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Defs. Mot., ECF No. 43. For the reasons stated below, Defendants' motion is GRANTED in part, and DENIED in part.

---

[1] Plaintiff's claims under the U.S. Free Exercise Clause arise under 28 U.S.C. § 1983.

[2] Plaintiff has indicated that she withdraws her claims against Becerril under Federal Rule of Civil Procedure 41(a)(1)(A)(i), *see* Pl. Opp. at 10 n.7, ECF No. 47, and the Court shall, therefore, address only the claims against Aguirre and Pilgrim.

## BACKGROUND[3]

Plaintiff is a practicing Muslim woman who wears a hijab—a garment worn by many Muslim women that covers the hair and neck but leaves the entire face exposed. *See* Sec. Amend. Compl. ¶ 11.[4] On the morning of August 6, 2019, Plaintiff was driving in Manhattan when she was pulled over by two New York City Police Department ("NYPD") officers, handcuffed, and arrested. *Id.* ¶¶ 20, 22. Plaintiff was taken to the 23rd Precinct. *Id.* ¶ 25.

After Plaintiff arrived at the stationhouse, Officer Neva Becerril, in an open area of the precinct, began to take off Plaintiff's hijab in order to conduct a search. *Id.* ¶¶ 26, 27. Plaintiff asked to go to a private area, and Becerril then searched Plaintiff in a holding cell bathroom. *Id.* ¶¶ 27–28. During the search, Becerril reached under Plaintiff's hijab to remove Plaintiff's wireless headphones. *Id.* ¶ 28. Plaintiff was fingerprinted and photographed while wearing her hijab. *Id.* ¶ 29.

Plaintiff was then moved to Manhattan Central Booking ("Central Booking") where a commanding officer directed another officer to "remove that thing now"—referring to Plaintiff's hijab. *Id.* ¶ 30. Plaintiff tried to explain to the commanding officer the "religious significance and injury to her dignity that would result from [the] removal [of her hijab]." *Id.* ¶ 31. After a "very unpleasant and traumatic exchange," the officers allowed Plaintiff to be photographed wearing her hijab. *Id.* ¶ 32. Plaintiff was "exceedingly upset[]" at the idea of needing to take off her hijab for the mugshot. *Id.* ¶ 31.

---

[3] The following facts are taken from the second amended complaint and "are presumed to be true for purposes of considering a motion to dismiss for failure to state a claim." *Fin. Guar. Ins. Co. v. Putnam Advisory Co., LLC*, 783 F.3d 395, 398 (2d Cir. 2015).

[4] *See also Hijab*, Merriam-Webster Dictionary, *available at* https://www.merriam-webster.com/dictionary/hijab (last visited March 22, 2022).

Following the stop at Central Booking, Plaintiff was moved to One Police Plaza, *id.* ¶ 33, where Sergeant Marilyn Aguirre "demanded" that Plaintiff remove her hijab, *id.* ¶ 34, and told Plaintiff that if she did not do so, Aguirre would "remove it by force," *id.* ¶ 35. Plaintiff "sobbed" and tried to explain to Aguirre that taking off the hijab would violate Plaintiff's "deepest religious beliefs" and was something Plaintiff "would not do even in the presence of close family." *Id.* ¶ 36. Plaintiff then pulled back her hijab to expose her ears and begged Aguirre to not require Plaintiff to expose more of herself. *Id.* ¶ 37. Plaintiff's photograph was taken with her ears exposed. *Id.* ¶¶ 37, 39.

Plaintiff was then transferred back to Central Booking, where she was placed in a holding cell and instructed by officers to remove her hijab and lift her dress for a search. *Id.* ¶¶ 41–42. Plaintiff complied. *Id.* ¶ 42. Lieutenant Charmaine Pilgrim then took Plaintiff out of the holding cell and told her that she would be forced to remain there overnight unless she agreed to be photographed without her hijab. *Id.* ¶ 43. Plaintiff eventually relented and took off her hijab because she feared she would miss her daughter's kindergarten graduation the following day if she did not comply. *Id.* ¶¶ 44–45. The encounter left Plaintiff "[h]umiliated and in severe emotional distress." *Id.* ¶ 45.

On January 10, 2020, Plaintiff filed a complaint accusing Defendants of violating her rights under RLUIPA, the U.S. Free Exercise Clause, and the N.Y. Free Exercise Clause. ECF No. 1. Plaintiff amended her complaint twice, and filed her second amended complaint on November 2, 2020. Sec. Amend. Compl. Defendants now move to dismiss Plaintiff's claims against the Individual Defendants. Defs. Mot.

# ANALYSIS

I. <u>Legal Standards</u>

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff is not required to provide "detailed factual allegations," but she must assert "more than labels and conclusions." *Twombly*, 550 U.S. at 555.

Moreover, "[w]hen determining a motion to dismiss on qualified immunity grounds in advance of full merits discovery, . . . the question to be answered is whether a reasonable Government officer, confronted with the facts as alleged by plaintiff, could reasonably have believed that his actions did not violate some settled constitutional right." *Case v. City of New York*, 233 F. Supp. 3d 372, 390 (S.D.N.Y. 2017) (citation omitted). Courts generally do not grant a Rule 12(b)(6) motion on the basis of qualified immunity and do so only when defendants show that the facts demonstrating their entitlement to qualified immunity are "clear from the face of the complaint." *Medina v. City of New York*, No. 19 Civ. 9412, 2020 WL 7028688, at *10 (S.D.N.Y. Nov. 30, 2020) (citations and alterations omitted).

II. <u>Application</u>

    A. RLUIPA

Under RLUIPA, a person may bring a suit seeking "appropriate relief against a government," 42 U.S.C. § 2000cc-2, when the government

> impose[s] a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . even if the burden results from a rule of general

> applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest,

*id*. § 2000cc-1.  For purposes of this provision, "government" includes, *inter alia*, states, counties, municipalities, their instrumentalities and officers, and persons acting under color of state law.  *Id*. § 2000cc–5(4)(A).

Defendants move to dismiss Plaintiff's claims against the Individual Defendants under RLUIPA, arguing that Plaintiff is not entitled to recover monetary damages against government officials in their official or individual capacities.  *See* Defs. Mem. at 3–4, ECF No. 44.  Plaintiff denies bringing suit against the Individual Defendants in their individual capacities.  Pl. Opp. at 4 n.4, ECF No. 47.  Defendants, therefore, argue that Plaintiff's official capacity causes of action should be dismissed as "duplicative" of her suit against the City of New York.  Defs. Reply. at 1–2, ECF No. 48.  The Court agrees.

Courts consider official capacity claims duplicative when the plaintiff has also sued the governmental entity for which the officer works.  *See Rodriguez v. City of Rochester*, 624 F. App'x 16, 18 (2d Cir. 2015); *Ackerley v. Duffy*, No. 07 Civ. 3508, 2009 WL 10740070, at *2 (S.D.N.Y. May 15, 2009).  This is because "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 n.55 (1978).  And, in an official capacity suit, "the real party in interest is the [municipal] entity."  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Thus, Plaintiff's claims against the Individual Defendants brought in their official capacities are duplicative of her claims against the City of New York.  Accordingly, Defendants' motion to dismiss the causes of action against the Individual Defendants under RLUIPA is GRANTED.

B. Free Exercise Clause

Plaintiff claims that the Individual Defendants violated her rights under the U.S. Free Exercise Clause and the N.Y. Free Exercise Clause by forcing her to remove her hijab for the booking photographs. *See* Sec. Amend. Compl. ¶¶ 63, 67. Defendants argue that Plaintiff's Free Exercise Clause claims against the Individual Defendants should be dismissed because they are entitled to qualified immunity. Defs. Mem. at 4–13.

1. U.S. Free Exercise Clause

Government officials are entitled to the protections of qualified immunity unless they have "violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *City & Cty. of San Francisco v. Sheehan*, 575 U.S. 600, 611 (2015) (citation omitted); *see also Mullenix v. Luna*, 577 U.S. 7, 11 (2015). Courts must be careful not to define the clearly established right at issue at a "high level of generality" because the dispositive question is "whether the violative nature of the *particular* conduct is clearly established." *Mullenix*, 577 U.S. at 12 (citations omitted) (emphasis in original). Rather, the right's contours must be defined so that it is "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *D.C. v. Wesby*, 138 S. Ct. 577, 590 (2018) (citation omitted).

When deciding whether a defendant is entitled to qualified immunity, courts "do 'not require a case directly on point for a right to be clearly established;' nevertheless, 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Sloley v. VanBramer*, 945 F.3d 30, 40 (2d Cir. 2019) (quoting *White v. Pauly*, 137 S. Ct. 548, 551 (2017)). Although the Second Circuit has at times suggested that the proper inquiry is whether "the Supreme Court or the Second Circuit [has] affirmed the rule," it has also instructed that this "is

not the only way in which a right may be clearly established for qualified immunity purposes." *Id*. (citation and quotation marks omitted). Rather, a right may be clearly established if "a robust consensus of cases of persuasive authority," "clearly foreshadow a particular ruling" such that "every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *Id*. at 40–42 (citations omitted).

Defendants submit that at the time of the incident in question precedent did not clearly foreshadow that the Individual Defendants would violate Plaintiff's U.S. Free Exercise rights by forcing her to remove her religious garment for a photograph during arrest processing. Defs. Mem. at 5–9. The Court agrees.

Plaintiff correctly notes that prior cases have held that "officials may not prohibit a sincere religious practice without some legitimate penological interest." *See, e.g., Barnes v. Furman*, 629 F. App'x 52, 56 (2d Cir. 2015). But, these cases merely set forth the general idea that government officials cannot burden religious exercise without a rational basis for doing so. *See Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006). They do not clearly foreshadow that forcing an arrestee to remove her religious head covering would impose such a burden. *See Sloley*, 945 F.3d at 40.[5]

Plaintiff points to *Benjamin v. Coughlin*, a 1990 Second Circuit case that comes closer to establishing the right at issue here. *See* Pl. Opp. at 8–9 (citing *Benjamin v. Coughlin*, 905 F.2d 571, 576–77 (2d Cir. 1990)). In *Benjamin*, the Second Circuit held that prison officials violated an inmate's free exercise rights by forcibly cutting his hair before taking a prison identification

---

[5] Plaintiff also appears to argue both that Defendants defined the right at issue too narrowly, *see* Pl. Opp. at 8 (describing the right to be free from a knowing and intentional violation of an established right with "no arguable penological purpose or justification"), and too broadly, *see id*. at 9 (describing the right to be free from being pressured to remove a religious garment with threats of violence). The Court finds that the first definition is too broad in light of the relevant Supreme Court precedent, *see Mullenix*, 577 U.S. at 12, and that the second definition is not supported by the facts in the second amended complaint, which do not include any threats of violence, *see generally* Sec. Amend. Compl.

7

picture because they could have easily tied his hair in a ponytail to address their concerns about revealing his cranial and facial features. *See* Pl. Opp. at 8–9 (citing *Benjamin v. Coughlin*, 905 F.2d 571, 576–77 (2d Cir. 1990)). And, Plaintiff cites to two cases from the Eastern District of New York, decided on the same day by the same judge, that suggest that a right to wear a religious head covering for a booking photograph existed prior to August 6, 2019. *See* Pl. Opp. at 10 (discussing *J.H. v. Bratton*, 248 F. Supp. 3d 401 (E.D.N.Y. 2017) and *Soliman v. City of New York*, No. 15 Civ. 5310, 2017 WL 1229730 (E.D.N.Y. Mar. 31, 2017)). In those cases, the court held that the plaintiffs had "plausibly alleged a constitutional right to have [their] official [booking] photograph taken outside the presence of male officers, as required by [their] religious beliefs." *J.H.*, 248 F. Supp. 3d at 411; *see also Soliman*, 2017 WL 1229730 at *8 (same). The court did not rely on *Benjamin* when reaching this determination and, notably, found that this constitutional right was not clearly established in 2015 when the incidents giving rise to the plaintiffs' claims occurred. *See J.H.*, 248 F. Supp. 3d at 412–13; *Soliman*, 2017 WL 1229730, at *5.

The Court concludes that these cases would not have enabled "every reasonable official [to] interpret [them] to establish the particular rule [Plaintiff] seeks to apply." *Sloley*, 945 F.3d at 40–42 (citations omitted). The haircutting in *Benjamin* represents a more invasive and longer-lasting intrusion on the plaintiff's religious practice, *see Zargary v. City of New York*, 607 F. Supp. 2d 609, 613 (S.D.N.Y. 2009) ("*Zaragy I*"), *aff'd*, 412 F. App'x 339, 342 (2d Cir. 2011) ("*Zargary II*"),[6] and, thus, does not "place[] the statutory or constitutional question" in this case

---

[6] Indeed, the decisions in *Zagary I* and *Zagary II* provide further support for finding that Plaintiff's right was not clearly established. In *Zagary I*, the district court found that prison officials could remove an Orthodox Jewish woman's head covering to take an identification photograph when she was admitted into prison, *Zargary I*, 607 F. Supp. 2d at 613, a decision that was affirmed by the Second Circuit, *Zargary II*, 412 F. App'x at 342. Although the Court finds *Zagary I* and *Zagary II* distinguishable from this case for other reasons, these cases demonstrate that *Benjamin* did not clearly establish a right to wear a religious head covering in an identification photograph taken in a penological context.

"beyond debate," *White*, 137 S. Ct. at 551.  And, the two Eastern District cases do not constitute a "robust consensus of cases of persuasive authority." *Sloley*, 945 F.3d at 40–42 (citations omitted).  Accordingly, Defendants' motion to dismiss Plaintiff's U.S. Free Exercise claims against the Individual Defendants is GRANTED.

2. N.Y. Free Exercise Clause

Defendants also contend that they are entitled to qualified immunity for Plaintiff's claims under the N.Y. Free Exercise Clause.  Defs. Mem. at 12–13.  The Court disagrees.

Under New York law, state and city officials are entitled to qualified immunity unless "their actions are undertaken in bad faith or without a reasonable basis." *Jones v. Parmley*, 465 F.3d 46, 63 (2d Cir. 2006); *see also Stein ex rel. Stein v. Barthelson*, 419 F. App'x 67, 71 (2d Cir. 2011).  Here, Defendants have not shown that it is "clear from the face of the complaint" that they acted without bad faith or with a reasonable basis.  *See Medina*, 2020 WL 7028688, at *10 (citations and alterations omitted).  Defendants' argument that "Plaintiff has offered no specific reason to believe that [the Individual Defendants] acted with an improper motive," Defs. Reply at 7, is unavailing because Plaintiff does not bear the burden of proving that Defendants acted in bad faith.  Rather, because qualified immunity is an affirmative defense, *cf. Kelley v. State*, 20 N.Y.S.3d 289, 290 (2015); *Lore v. City of Syracuse*, 670 F.3d 127, 166 (2d Cir. 2012), Defendants must demonstrate an absence of bad faith.

Defendants point to no facts establishing Pilgrim's absence of bad faith and only one fact which might show Aguirre's absence of bad faith—Aguirre's allowing Plaintiff to push her hijab over her ears instead of removing it completely.  Defs. Mem. at 13.  Defendants ask this Court to presume that Aguirre's decision was an "effort to accommodate [P]laintiff."  *Id*.  But, on a motion to dismiss, it would be inappropriate for the Court to adopt that presumption.

9

After accepting all of Plaintiff's factual allegations as true and drawing all reasonable inferences in her favor, the Court finds that Defendants have not met their burden of demonstrating that their conduct was undertaken without bad faith. Accordingly, Defendants' motion to dismiss Plaintiff's N.Y. Free Exercise claims against the Individual Defendants on the basis of qualified immunity is DENIED.

## CONCLUSION

For the foregoing reasons, Defendants' motion is GRANTED as to Plaintiff's claims against the Individual Defendants under RLUIPA and the U.S. Free Exercise Clause, and DENIED as to Plaintiff's claims under the N.Y. Free Exercise Clause. The Clerk of Court is directed to terminate the motion at ECF No. 47.

SO ORDERED.

Dated: March 30, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge