```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/14/2022
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
ADAMA BAH,

                                       Plaintiff,

           -against-                                **20-CV-0263 (AT) (KHP)**

CITY OF NEW YORK, et. al.                            **ORDER**

                                       Defendants.
-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

On July 14, 2022, the parties appeared for an Initial Case Management Conference. After review of the pleadings and consultation with the parties, the following Scheduling Order is entered pursuant to Rule 16 of the Federal Rules of Civil Procedure:

**Discovery.** The deadline to complete fact discovery is <u>Monday, November 14, 2022</u>.

**Interim Discovery Deadlines.** Initial requests for production are due by <u>Monday, August 15, 2022</u>, and responses are due by <u>Friday, September 16, 2022</u>. Initial sets of interrogatories are due by <u>Monday, August 15, 2022</u>, and all subsequent interrogatories are due by <u>Friday, October 14, 2022</u>. The parties shall submit a proposed electronic discovery protocol by <u>Friday, September 16, 2022</u>. Depositions shall be completed by <u>Monday, November 14, 2022</u>, and the parties are limited to 10 depositions per party.

**Efficiency of discovery.** Where possible and sensible, the parties shall attempt to coordinate discovery with Plaintiffs in the related case, Clark v. City of New York, 18-cv-02334-AT-KHP, in an attempt to minimize costs and avoid duplicative discovery.

Moreover, Counsel shall be fully familiar with their obligations under Rules 34 and 26(g) and consider and discuss ways to ensure compliance and minimize disputes regarding

overbreadth and specificity of requests and responses.  A failure to comply with this responsibility carries serious consequences.  Requests for any and all documents on a broad topic are presumptively improper.  Likewise, courts have held that an objection that does not appropriately explain its grounds is forfeited.  *See, e.g.*, *Wesley Corp. v. Zoom T.V. Prods., LLC*, 2018 WL 372700, at *4 (E.D. Mich. Jan. 11, 2018); *Fischer v. Forrest*, 2017 WL 773694 (S.D.N.Y. Feb. 28, 2017) ("[A]ny discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege).").

**Discovery Disputes.**  The parties shall follow the Court's Individual Procedures with respect to any discovery disputes.  *See* https://nysd.uscourts.gov/hon-katharine-h-parker.

**Rule 1 and Rule 26(b)(1).**  Counsel shall comply with Rule 1 and Rule 26(b)(1) in the conduct of discovery.

**Status Letter**.  The parties shall file a joint status letter updating the Court on the status of discovery by **Friday, September 9, 2022**.

**SO ORDERED.**

DATED:    New York, New York
          July 14, 2022

_____
KATHARINE H. PARKER
United States Magistrate Judge